**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-50064
Consolidated with 99-50332
Summary Calendar
_____

LIFE PARTNERS, INC., JOHN MORONEY,

Plaintiffs-Appellees,

versus

LIFE INSURANCE CO. OF NORTH AMERICA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Texas
(98-CV-96)
_____

October 27, 1999

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges.

Per Curiam[*]

In this appeal from an adverse declaratory judgment and injunctive relief in an ERISA dispute, Defendant-Appellant Life Insurance Co. of North America ("LINA") asks us to reverse the district court's grant of summary judgment in favor of Plaintiffs-Appellees John Moroney and Life Partners, Inc. LINA complains that the district court erred in concluding that New York law does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

govern Moroney's assignment of his life insurance policy rights to Life Partners. LINA further complains that the district court erred in awarding Moroney and Life Partners attorneys' fees.

Subsequent to the district court's entry of judgment in favor of Moroney and Life Partners, LINA complied with the district court's order by recognizing the assignment of Moroney's rights to Life Partners. It is not within our power to invalidate that assignment. Consequently, there is no live case or controversy with respect to the validity of the assignment on which we or the district court can pass judgment: Federal courts do not render advisory opinions. United States v. Texas Tech. University, 17 F.3d 279, 286 (5th Cir. 1999). LINA's appeal with respect to the validity of the assignment is thus moot.

We turn now to LINA's complaint that the district court erred in awarding Moroney and Life Partners attorneys' fees. We review the district court's decision to award attorneys' fees for an abuse of discretion. Wegner v. Standard Ins. Co., 129 F.3d 814, 820-21 (5th Cir. 1997). The fees in question were awarded pursuant to ERISA, 29 U.S.C. § 1132(g)(1). "Although the decision to award attorneys' fees is discretionary, the court should consider the following five factors in its analysis: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances; (4)

whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." Wegner, 129 F.3d at 821.

Here, the district court considered each of the five Wegner factors. The decision to award attorneys' fees was predicated in part on the court's findings that LINA's position "bordered on being frivolous" and that the relative merits of the parties' positions clearly favored Moroney and Life Partners. While we do not question the district court's findings with respect to these issues, we conclude that the court abused its discretion in applying the findings to the entire duration of the underlying litigation.

As the district court itself ruled, the initial complaint filed by Moroney and Life Partners failed to state a claim on which relief could be granted because it alleged only state causes of action that were preempted by ERISA. Until Moroney and Life Partners amended their complaint on June 8, 1998 to state a cause of action under ERISA, LINA's defense to the claims was valid and meritorious. We therefore conclude that Moroney and Life Partners should not have been awarded attorney's fees incurred prior to the amending of the complaint on June 8, 1998. Accordingly, we affirm the district court's order awarding attorneys' fees but vacate the amount of that award and remand for a redetermination of the proper

amount of such fees, consistent with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.